UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR JASHAUN KENDALL, and MICHAEL TYRIQ ALLEN, <br><br> Defendants. | Case No.: 2:24-CR-0154-TOR-1 <br><br> PROTECTIVE ORDER |

BEFORE THE COURT are Unopposed Motions for Protective Orders. ECF Nos. 17, 19. For good cause, **IT IS HEREBY ORDERED**:

1. The United States' Unopposed Motions for Protective Orders, ECF Nos. 17, 19, are **GRANTED**.

2. The United States is authorized to disclose the discovery including sensitive information and materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

PROTECTIVE ORDER – 1

3. Government personnel and counsel for Taylor Jashaun Kendall ("Defendant"), shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this Court. Counsel for Defendant and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4. Third parties contracted by the United States or counsel for Defendant to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

5. Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. Counsel for Defendant may download Discovery from USA File Exchange and shall exercise reasonable care in ensuring the security and confidentiality of the Discovery by electronically storing the Discovery on a password-protected or encrypted storage medium, including a

PROTECTIVE ORDER – 2

password-protected computer, or device. If Discovery is printed, Counsel must also exercise reasonable care in ensuring the security and confidentiality of the Discovery by storing copies in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

6. If, during the pendency of the case, Defendant requests a copy of the any Discovery items from Counsel for Defendant, Counsel may provide a copy of Discovery items to Defendant provided that Counsel advises Defendant of the requirements of the Protective Oder and ensures that all sensitive third-party information contained in the Discovery, such as social security numbers, dates of birth, and bank account numbers, is fully redacted. Counsel for Defendant may review Discovery with a witness or potential witness in this case subject to the requirement that before being shown any portion of the Discovery, any witness or potential witness must be informed of the requirements of the Protective Order and no witness or potential witness may retain any copies of the Discovery after his or her review of those materials with Counsel is complete.

7. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendant, that obtains access to the Discovery, is advised of this Order and that all information must be held in strict confidence and that the recipient may not further disclose or disseminate the information. Any other party that obtains access to, or possession of, the Discovery

PROTECTIVE ORDER – 3

containing discovery information once the other party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession of the Discovery containing sensitive information unless authorized by this Order, nor further disseminate such Discovery expect as authorized by this Order or the further Order of this court. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for Defendant.

8. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for Defendant nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

9. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

PROTECTIVE ORDER – 4

10. Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 20th day of November 2024.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER – 5